**Lamin BARRIE, Petitioner,**

v.

**Alberto GONZALES, Attorney General, Respondent.**

**No. 06–4969–ag.**

United States Court of Appeals, Second Circuit.

July 18, 2007.

Matthew J. Harris, Brooklyn, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Aviva L. Poczter, Senior Litigation Counsel, Terri León-Benner, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. GUIDO CALABRESI and Hon. JOSÉ A. CABRANES, Circuit Judges.

### SUMMARY ORDER

Petitioner, Lamin Barrie, allegedly a native and citizen of Sierra Leone, seeks review of a September 29, 2006 order of the BIA affirming the April 11, 2005 decision of Immigration Judge ("IJ") William F. Jankun denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1] *In re Lamin Barrie,* No. A 95 462 436 (B.I.A. Sept. 29, 2006), *aff'g* No. A 95 462 436 (Immig. Ct. N.Y. City Apr. 11, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA," *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be com-

---

1. Barrie did not challenge the IJ's denial of CAT relief to the BIA or this Court. As such, we deem that claim abandoned. *See Yueqing* *Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005).

pelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Substantial evidence supports the BIA's affirmance of the IJ's adverse credibility determination, which was based on: (1) Barrie's submission of a questionable identity document; (2) multiple inconsistencies in Barrie's testimony; and (3) Barrie's vague answers and unresponsive demeanor. See 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang*, 386 F.3d at 73 & n. 7.

Because Barrie failed to establish persecution due to his lack of credible testimony, he was not entitled to the presumption of a well-founded fear of persecution, *see* 8 C.F.R. § 1208.13(b)(1), and also failed to establish a subjective basis for a well-founded fear of future persecution. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). As such, the agency's denial of asylum was proper.

Similarly, because the only evidence of a threat to Barrie's life or freedom depended upon his credibility, the adverse credibility determination necessarily precludes success on Barrie's claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

Although Barrie asserted other bases for remand, we need not address them. The adverse credibility finding is dispositive in this case.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).